# United States District Court
## STATE AND DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** <br> Case Number: <br> 09-mj-444 SRN |
| V. | |
| PAUL GIOVANNI DE LA ROSA | |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about November 16, 2009, in Steele County, in the State and District of Minnesota and elsewhere, defendant(s)

fraudulently and knowingly attempted to export and send from the United States approximately 14 firearms, contrary to laws and regulations of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of the aforementioned 14 firearms, prior to exportation, knowing the same to be intended for exportation contrary to laws and regulations of the United States

in violation of Title 18, United States Code, Section(s) 554.
  SEE ATTACHED AFFIDAVIT
I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

Continued on the attached sheet and made a part hereof: ☒ Yes  ☐ No

Signature of Complainant
Jonathan D. Duzan
ICE

Sworn to before me, and subscribed in my presence,

November 17, 2009          at    Minneapolis, MN
Date                                         City and State

The Honorable Franklin L. Noel
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer          Signature of Judicial Officer

**SCANNED**
NOV 2 0 2009
U.S. DISTRICT COURT MPLS

STATE OF MINNESOTA )
                   )
COUNTY OF HENNEPIN )

## AFFIDAVIT

I, Jonathan D. Duzan, being duly sworn under oath, state as follows:

### Affiant's Background and Experience

1. I am a Special Agent employed by the United States Immigration and Customs Enforcement (ICE) in Bloomington, Minnesota. I have been an ICE agent since January 2007. I was trained at the Federal Law Enforcement Training center in Brunswick, Georgia, completing both the twelve-week Criminal Investigator Training Program and the twelve week ICE Special Agent Training Program. My duties include enforcement of the federal immigration laws. This Affidavit is based upon personal knowledge and from information provided to me by other officers involved in this investigation, as well as from the review of reports and documents prepared by other officers. This information is true and correct to the best of my knowledge and is not intended to be a full recitation of the facts and circumstances of this investigation but only to establish probable cause.

### Summary

2. On November 16, 2009 at 1125 hours Customs and Border protection (CBP) conducted outbound inspections at the Lincoln Juarez Bridge #2 in Laredo, Texas. Customs and Border Protection officers stopped and inspected a

silver 2000 Chrysler Town and Country minivan bearing Minnesota License plates (861DD). The driver, Paul Giovanni DE LA ROSA, declared he was not transporting currency in excess of $10,000.00, weapons or ammunition.

3. The minivan was subjected to a secondary, more intensive inspection, including a K-9 inspection to conduct a sniff for currency and weapons. The canine gave a positive alert to the inside of the vehicle, which was transporting a sofa and luggage.

4. The luggage and sofa were removed from the vehicle, at which time agents noted that the sofa seemed extremely heavy. The Customs and Border Patrol Officer inspected the sofa and observed several boxes of weapons hidden inside.

5. After a more thorough search, 14 firearms and ammunition were seized from the sofa and are summarized as follows:

    4- Handguns (FN Herstal) (5.7 x 28 millimeter)

    12 Magazines

    1- Handgun (Berretta) Series 81 Model 84fs

    2 Magazines

    1- Handgun (Sig Sauer) (P238)

    1 Magazine

    3-Handguns (Ruger LCP)

    3 Magazines

    4-Carbine (FN Herstal PS90 Carbine)

>8 Magazines
>
>1-AR-57 (AR-15)
>
>1 Magazines
>
>200 Ammunition Rounds
>
>One Pentax Scope

6.  Prior to the aforementioned stop and search of the 2000 Chrysler Town and Country minivan bearing Minnesota License plates (861DD) in Laredo, Texas, a search warrant issued by this Court for the vehicle had been obtained by ATF Special Agent Siebenaler, dated November 16, 2009.

7.  In a post-*Miranda* interview, DE LA ROSA told Special Agent Daniel Schwarz (ICE) and Peter Vukovich (ATF) that he began purchasing firearms in approximately 2007 and had bought approximately 100 firearms that he smuggled to Mexico. DE LA ROSA stated he knew it was illegal to smuggle firearms and ammunition into Mexico. DE LA ROSA also stated he did not have a license to export the firearms. DE LA ROSA stated that he concealed or hid the firearms every time he took firearms to Mexico and had never been stopped at the Port of Entry when he departed the United States for Mexico. DE LA ROSA stated he had always used the Laredo Port of Entry, Laredo, Texas to smuggle the firearms to Mexico.

8.  DE LA ROSA told agents that he had been purchasing the firearms for an individual named Arturo CHAVEZ, who resides in a city named Texzo, near Mexico City. DE LA ROSA said he had known CHAVEZ for a long time

and was a childhood friend. DE LA ROSA stated that he departed Minnesota on November 15, 2009 and drove to Laredo, Texas for the purpose of taking the weapons to Mexico in order to sell them to CHAVEZ. DE LA ROSA said he had planned to drop off the firearms in Mexico and then return to his home located in Medford, Minnesota.

9. DE LA ROSA said CHAVEZ wired money to his pre-paid Visa credit card or gave him cash to purchase the firearms. DE LA ROSA said he received $500.00 for every purchase as part of his payment.

10. DE LA ROSA said that, on this particular trip, he was transporting 14 weapons to Mexico and that he had hidden them in the inner springs of a couch so that the CBP Inspectors would not find them. DE LA ROSA told agents that he bought all of his weapons from three different gun dealers: Hart Brothers, Cabelas, and Scheels Sporting Goods, all located in Minnesota.

11. ATF maintains records and a database containing all current and past Federal Firearms Licensees. On October 1, 2009, an ATF agent reviewed that database and confirmed that Paul DE LA ROSA did not have, nor has he ever had, a Federal Firearms License (FFL). Under federal law, 18 U.S.C. § 923, only FFLs are permitted to be in the business of selling firearms.

12. Under federal law, 18 U.S.C. § 554, it is unlawful for any individual to attempt to export from the United States any merchandise, article, or object contrary to any law or regulation of the United States or to receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such

merchandise, or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States.

13.     Based on these facts, your affiant has reason to believe that Paul Giovanni DE LA ROSA has violated Title 18, United States Code, Section 554 in that he attempted to smuggle 14 firearms from the United States in violation of federal law.

Further your affiant sayeth not.

Jonathan D. Duzan
Special Agent
U.S. Immigration and Customs Enforcement

SUBSCRIBED and SWORN to

Before me this  17th  day of November, 2009.

FRANKLIN L. NOEL
United States Magistrate Judge